1  **COLT B. DODRILL, ESQ.**
   **Nevada Bar No. 9000**
2  **WOLFE & WYMAN LLP**
   **980 Kelly Johnson Drive. Ste 140**
3  **Las Vegas, Nevada 89119**
   **Tel: (702) 476-0100**
4  **Fax: (702) 476-0101**
   **cbdodrill@wolfewyman.com**
5
   **Attorneys for Defendants**
6  **PNC BANK, NATIONAL ASSOCIATION and U.S. BANK, NATIONAL**
   **ASSOCIATION, as Trustee, Structured Asset Mortgage Investments II Inc.,**
7  **Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2005-**
   **6**
8
                    **UNITED STATES DISTRICT COURT**
9
                     **FOR THE DISTRICT OF NEVADA**
10

| | |
|---|---|
| Miguel Barraza, Dinora Barraza, Nana I AM | Case No. 2:16-cv-00484-JAD-VCF |
| Plaintiffs, | |
| v. | |
| U.S. BANK, NATIONAL ASSOCIATION DEFENDANT(S) | **MOTION TO DISMISS** |
| CLEAR RECON CORP. DEFENDANT(S) | [Fed. R. Civ. P. 12(b)(6)] |
| PNC BANK NATIONAL ASSOCIATION DEFENDANT(S) | |
| The Golden Team Keller Williams Realty DEFENDANT(S) | |
| and All Persons Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud On Plaintiff's Title Thereto, and DOES 1 through 10, inclusive, | |
| Defendants. | |

        Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants, PNC BANK, NATIONAL ASSOCIATION

("PNC") and U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, STRUCTURED ASSET

MORTGAGE INVESTMENTS II INC., BEAR STEARNS ARM TRUST, MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2005-6 ("USB") (collectively "Moving Defendants") by and

through their attorneys, Wolfe & Wyman LLP, hereby move to dismiss the Complaint of Plaintiffs

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

1   MIGUEL BARRAZA, DINORA BARRAZA, NANA I AM (collectively "Plaintiffs") for failure to

2   state a claim for which relief can be granted.

3       This Motion is based on the attached Memorandum of Points and Authorities filed and

4   served concurrently, all pleadings and papers on file herein, and upon such oral and documentary

5   evidence as may be presented at a hearing that the Court may set.

6                           **MEMORANDUM OF POINTS AND AUTHORITIES**

7   **I.      FACTS**

8       Plaintiffs filed the instant boilerplate Federal Complaint to avoid a Writ of Restitution signed

9   by a North Las Vegas Justice Court Judge in an eviction action following the property owner's

10  default on his mortgage loan leading to the eventual foreclosure sale of the Subject Property.

11      Non-parties Bruce N. Holm and Claudette Holm obtained the Subject Property via Grant,

12  Bargain, and Sale Deed recorded November 7, 2002.  Exhibit A.[1]  On March 10, 2004, Mr. Holm

13  borrowed $531,000.00 from National City Mortgage Co. secured by a Deed of Trust recorded on

14  March 16, 2004.  Exhibit B.  In conjunction with that loan, Claudette Holm conveyed her interest to

15  Bruce N. Holm via a Grant, Bargain, and Sale Deed also recorded on March 16, 2004.  Exhibit C.

16      The Deed of Trust was assigned to PNC via an Assignment recorded October 8, 2013.

17  Exhibit D.  PNC assigned its interest to USB via an Assignment recorded February 3, 2014.  Exhibit

18  E.  USB substituted Clear Recon Corp. as the Trustee via a Substitution recorded on February 19,

19  2014.  Exhibit F.

20      Clear Recon recorded Notice of Breach and Election to Sell on July 30, 2014, reciting Mr.

21  Holm's Default.  Exhibit G.  On February 2, 2015, Clear Recon recorded the Nevada Foreclosure

22  Mediation Program Foreclosure Mediation Certificate.  Exhibit H.  On February 24, 2015, Clear

23  Recon recorded a Notice of Trustee's Sale.  Exhibit I.  A Trustee's Deed recorded on April 3, 2015

24  recites on March 17, 2015, USB purchased the Subject Property at the foreclosure.  Exhibit J.

25

26  _____

27      [1]The Court may take judicial notice of publically recorded documents.  Fed. R. Evid. 201(b);

28  U.S. v. Howard, 381 F.3d 873, 876, n 1 (9th Cir. 2004).  Defendants request the Court to take
    judicial notice of such documents attached hereto.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

2297677.2

2

1  Following its purchase at the Trustee's Sale, USB filed an unlawful detainer (i.e., eviction)

2  action against Plaintiffs in North Las Vegas Justice Court, case number 15CN001454 and obtained a

3  Temporary Writ of Execution signed by the Court on November 2, 2015.  Exhibit K.

4  Plaintiffs' appealed the decision of the North Las Vegas Justice Court to the Eighth Judicial

5  District Court and filed this separate action against Defendants.  Compl, at Doc. No. 1.  For the

6  following reasons, Plaintiffs' Complaint should be dismissed.

7  **II.**   **LEGAL STANDARDS**

8  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted where the moving party

9  can demonstrate beyond doubt that the Plaintiff cannot provide a set of facts in support of her claim

10  which would entitle them to relief.  See Puckett v. Park Place Entertainment, Corp., 332 F. Supp. 2d

11  1349, 1352 (D. Nev. 2004).  In making this determination, the allegations made in the Complaint are

12  generally taken as true and viewed in the light most favorable to the non-moving party.  Id.

13  However, "[c]ourts do not assume the truth of legal conclusions merely because they are cast in the

14  form of factual allegations."  Puckett, 332 F. Supp. 2d at 1352 (quoting Western Mining Counsel v.

15  Watt, 643 F. 2d 618, 624 (9th Cir. 1981)).

16  Moreover, under controlling U.S. Supreme Court precedent, "a Plaintiff's obligation to

17  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

18  formulaic recitation of the elements of a cause of action will not do….  Factual allegations must be

19  enough to raise the right to relief above the speculative level.  Bell Atlantic Corp. v. Twombly, 550

20  U.S. 544, 555 (2007).  Indeed, "[d]etermining whether a complaint states a plausible claim for relief

21  . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience

22  and common sense. But where the well-pleaded facts do not permit the court to infer more than the

23  mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader

24  is entitled to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Fed. R. Civ. P. 8(a)(2))

25  Similarly, legal conclusions couched as factual allegations are not given a presumption of

26  truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to

27  defeat a motion to dismiss."  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

28  ///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

2297677.2

## III.   LEGAL ARGUMENT

Plaintiffs' boilerplate and conclusory complaint should be dismissed for failure to state a claim for which relief can be granted.

### A.   Plaintiffs Fail to Allege a Quiet Title Claim

Plaintiff cannot state a claim for relief in this quiet title action.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."  Breliant v. Preferred Equities Corp., 112 Nev. 663, 669, 918 P.2d 314, 318 (1996).  Here, Plaintiffs cannot prove good title in themselves, because the Trustee's Deed (Exhibit J.) vests title in USB, as trustee without equity or right of redemption by Mr. Holm or Plaintiffs.  NRS 107.080(5).

Further, Plaintiffs cannot set aside the HOA sale, because the time to do so has passed.  Nevada law provides that:

> A sale made pursuant to this section must be declared void by any court of competent jurisdiction in the county where the sale took place if:
> (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087;
> (b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 45 days after the date of the sale; and
> (c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 15 days after commencement of the action.

NRS 107.080(5).  If proper notice is not provided, the "the person who did not receive such proper notice may commence an action pursuant to subsection 5 within 60 days after the date on which the person received actual notice of the sale."  NRS 107.080(6).  Here, Plaintiffs cannot set aside the sale, because, as tenants, they are not entitled to notice.  NRS 107.080(3) (requiring notice to "grantor or person who holds title or record on the date the notice … is recorded" and if applicable, the State Board of Health.  Based on the eviction action, Plaintiffs have long known about the foreclosure.  Thus, the time to set aside the trustee's sale as defective has passed.  Accordingly, Plaintiffs cannot quiet title to the property.

Plaintiffs also cannot claim title by adverse possession.  The elements of adverse possession are set forth by statute and generally require hostile, open, and continuous adverse possession of the

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   property for more than fifteen (15) years complaint and payment of all taxes for the last five (5)

2   years prior to filing the complaint.  NRS 40.090; NRS 11.150.  Here, however, Plaintiffs admit they

3   have only possessed the property since March 1, 2016.  Complaint at ¶ 41.  Further, the Affidavit of

4   Adverse Possession only indicates they "intend to pay or have paid and will continue to pay all …

5   taxes."  Doc. 2 at p. 2, ¶ 5.  Because Plaintiff's don't meet the statutory criteria for time of

6   possession or payment of taxes, they cannot claim title by adverse possession.  Further, there are no

7   allegations to suggest their possession of the property, if any, was hostile to Mr. Holm.  Accordingly,

8   the quiet title claim must be dismissed.

9         Likewise, plaintiffs cannot cancel the Deed of Trust, because it was already extinguished by

10   the Trustee's Sale which vests title USB, as Trustee without equity or right of redemption.  NRS

11   107.090(5).  Accordingly, the Court should dismiss Counts 1 and 19.

12         **B.     Plaintiffs Fail to Allege a Fraud Claim**

13         Under Fed. R. Civ. P. 9(b), a party alleging fraud "must state precisely the time, place, and

14   nature of the misleading statements, misrepresentations, and specific acts of fraud."  Kaplan v. Rose,

15   49 F.3d 1363, 1370 (9th Cir.1994).  Here, however, Plaintiffs do not state specific persons, dates or

16   details describing the alleged misrepresentations made to them, if any, by Defendants.  Rather,

17   Plaintiffs identify the persons as:  "U.S. Bank, National Association, Clear Recon Corp., PNC Bank,

18   National Association, and The Golden Team Keller Williams Realty."  Compl. at ¶¶ 54(d), 55(d),

19   and 56(d).

20         Further, Plaintiffs fail to allege the elements of fraud.  In Nevada, Plaintiffs must allege the

21   following with specificity: (1) Defendants made a false representation, (2) Defendants knew or

22   believed the representation was false, (3) Defendants intended to induce Plaintiffs into acting in

23   reliance of the misrepresentation, (4) Plaintiffs justifiably relied on the misrepresentation, and (5)

24   Plaintiff suffered damages from so relying.  Lubbe v. Barba, 540 P.2d 115 (1975) (emphasis added).

25   Here, Plaintiffs do not allege any elements, but simply repeat conclusory recitals.  Specifically,

26   Plaintiffs fail to allege they relied in any manner on the alleged "misstatements."  Instead, Plaintiffs

27   repeat :

28
        Plaintiff [sic] Relied Upon These vain falsities, and this reliance was
        intimately and directly related to the fraudulent documents and
        instruments complained of herein, to the extent plaintiff [sic] had first

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2297677.2

1

2

3

> believed these instruments to be true, because defendants induced this
> belief by the publication of false matters in public record, and other
> public and personal disclosures sent to the plaintiffs, and even by
> mailing to the plaintiff, and placing these falsities on plaintiff's [sic]
> door.

4  Compl. at ¶¶ 54(j), 55(j), and 56(j) (capitalization in original).  Thus, Plaintiffs fail to allege they

5  made any payments in reliance on the foreclosure documents or otherwise took any action or

6  inaction in reliance thereon.  Because Plaintiffs fail to allege reliance, they fail to allege a plausible

7  fraud claim.  Accordingly, Count 2 should be dismissed.

8  ### C.   Plaintiffs Fail to Allege a Racketeering Claim

9         To state a claim for a RICO violation under 18 U.S.C. § 1962(a), a plaintiff must allege facts

10  showing that a defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of

11  racketeering activity (5) causing injury to the plaintiff's business or property. See Chaset v.

12  Fleer/Skybox Intl, 300 F.3d 1083, 1086 (9th Cir.2002). To state a claim under § 1962(d), a plaintiff

13  must allege facts showing a conspiracy to violate subsection (a), (b), or (c). When alleging fraud as

14  the racketeering activity, the plaintiff must "state with particularity the circumstances constituting

15  fraud or mistake." In re Countrywide Fin. Corp. Mortg. Marketing & Sales Practice Litig., 601

16  F.Supp.2d 1201, 1215 (2009). Without alleging how any alleged scheme to defraud caused plaintiff

17  damages, his RICO claim cannot withstand a motion to dismiss. See Ove v. Gwinn, 264 F.3d 817,

18  825 (9th Cir.2001).  Here, Plaintiffs have provided no specific facts showing a pattern of

19  racketeering activities, and have instead simply alleged in a conclusory manner that defendants

20  engaged in a fraudulent scheme concerning the securitization of the loan and the foreclosure process.

21  Thus, defendants argue, the allegations are insufficient to support a RICO claim.

22         The RICO claims also fail, because Plaintiffs have not alleged any unlawful predicate acts.

23  See, Kim v. Wells Fargo Home Mortgage Inc., 2:10-CV-00593-GMN, 2010 WL 4683732, *5 (D.

24  Nev. Nov. 9, 2010) (dismissing civil RICO claims in foreclosure suit because Plaintiff failed to

25  identify two or more predicate acts).  "Securitization" of a loan and "Robo-Signing" are not

26  racketeering activities and are not "criminal or punishable as a crime." Rivac v. Ndex W. LLC, No.

27  C 13-1417 PJH, 2013 WL 3476659, at *8 (N.D. Cal. July 10, 2013).  In addition, because the alleged

28  damages arise from Mr. Holm's conduct (failure to stay current on his loan payments), rather than

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2297677.2

1   from any action by Defendants, plaintiffs cannot state a viable RICO claim. <u>Anza v. Ideal Steel</u>

2   <u>Supply Corp.</u>, 126 S. Ct. 1991, 1998 (2006).  Because Plaintiffs fail to allege any element of a

3   Racketeering claim, Count 3 should be dismissed.

4           **D.      Plaintiffs Fail to Allege a FDCPA Claim**

5           Plaintiff's Fair Debt claims fail for several reasons.  The Fair Debt Collection Practices Act

6   ("FDCPA") was enacted "to eliminate abusive debt collection practices by debt collectors, to insure

7   that those debt collectors who refrain from using abusive debt collection practices are not

8   competitively disadvantaged, and to promote consistent State action to protect consumers against

9   debt collection abuses."  15 U.S.C. § 1692(e).  First, Plaintiffs' claims fail because they are not

10  consumers.  The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated

11  to pay any debt."  15 U.S.C. § 1692a(3).  Here, Plaintiffs are not consumers, because they are not

12  obligated to pay the debt.  The Trustee's Deed recites that USB was the foreclosing beneficiary

13  under the first Deed of Trust.  Exhibit J.  The first Deed of Trust recites Bruce Holm as the one

14  obligated to pay the first mortgage.  Exhibit B.  Plaintiffs' claim fails, because they fail to allege any

15  facts suggesting they are obligated on Mr. Holm's or any other loan in which PNC or USB is the

16  creditor, lender, or servicer.  Indeed, Plaintiffs admit the debts "are not owed to the Defendants."

17  Compl. at ¶ 10.  Thus, Plaintiffs lack standing to sue under the statute.

18          Second, foreclosure pursuant to a deed of trust does not constitute debt collection under the

19   FDCPA, 15 U.S.C. § 1692; <u>Reynolds v. Homecomings Fin. Network, Inc.</u>, No. 3:11-CV-910-RCJ-

20  VPC, 2013 WL 315221, at *4 (D. Nev. Jan. 25, 2013) aff'd, 599 F. App'x 802 (9th Cir. 2015).

21  Because, the activity complained of, foreclosure, is not debt collection activity, the FDCPA claims

22  fail as a matter of law.

23          Third, neither PNC nor USB are debt collectors under the statute.  The FDCPA regulates the

24  collection of 'debts' by 'debt collectors' by regulating the number and types of contacts a debt

25  collector may make with the debtor."  <u>Rowe v. Educ. Credit Mgmt. Corp.</u>, 559 F.3d 1028, 1031 (9th

26  Cir. 2009). The FDCPA defines "debt collector" as:

27              any person who uses any instrumentality of interstate commerce or the
                mails in any business the principal purpose of which is the collection
28              of any debts, or who regularly collects or attempts to collect, directly
                or indirectly, debts owed or due or asserted to be owed or due another.

2297677.2

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

15 U.S.C. § 1692a(6).  However, "the law is well-settled … that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."  <u>Scott v. Wells Fargo Home Mortgage Inc.</u>, 326 F. Supp. 2d 709, 718 (E.D. Va.) aff'd sub nom.  <u>Scott v. Wells Fargo & Co.</u>, 67 F. App'x 238 (4th Cir. 2003).  "Defendants are not liable under FDCPA because loan servicers are not debt collectors within the meaning of the act" <u>Guerra v. Just Mortgage, Inc.</u>, 2:10-CV-00029-KJD, 2013 WL 1561114 (D. Nev. Apr. 12, 2013); also see <u>Mansour v. CalWestern Reconveyance Corp.</u>, 618 F.Supp.2d 1178, 1182 (D.Ariz.2009) (FDCPA does not apply to loan servicers).  A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).  Thus Defendants are not creditors under the statute.  Because the FDCPA claim fails as a matter of law, Count 4 should be dismissed.

      **E.**      <u>**Plaintiffs Fail to Allege a TILA Claim**</u>

      Plaintiffs cannot present a claim under the Truth in Lending Act ("TILA").[2]  As a threshold matter, the action is time-barred.  TILA actions provide for a one-year period of limitation which had expired at the time the Plaintiffs filed the Complaint.  Under 15 U.S.C. § 1640(e) "[a]ny action under this section" may only be brought within one year of the occurrence of the alleged violation.  <u>See King v. California</u>, 784 F.2d 910, 915 (9th Cir.1986).  Any rescission claim would be similarly stale, because any right of rescission expired three years after the loan closed.  15 U.S.C. § 1635(f); <u>Beach v. Ocwen Federal Bank</u>, 523 U.S. 410, 417 (1998) (citing 15 U.S.C. § 1635(f)).  Because the loan originated in 2004 (Exhibit B), any TILA claims have expired.

      Further, Plaintiffs are not covered under TILA, because Courts hold TILA does not apply to non-borrowers. TILA's private right of action is provided by 15 U.S.C. § 1640(a), which "grants a private right of action to those protected under the TILA, and the only persons protected by the TILA's disclosure requirements are consumers." <u>Hayden v. Fifth Third Bank, Inc.</u>, No. 3:12-CV-

---

[2] In their Complaint, Plaintiffs incorrectly refer to this as the Consumer Credit Protection Act.  Compl. at ¶ 99.

00824-H, 2013 WL 2242760, at *3 (W.D. Ky. May 21, 2013).  Courts are in agreement.  Id. (collecting cases).  Because Plaintiffs are not borrowers, they lack standing to make a truth in lending claim against Mr. Holm's lenders and their successors and assigns.  According, Count 5 should be dismissed.

### F.  Plaintiffs Fail to Allege a Civil Rights Claim

Plaintiffs' civil rights claims should also be dismissed for failure to state a claim.

#### 1.  42 U.S.C. § 1981

Third, Plaintiffs cannot make a § 1981 claim. Title 42 U.S.C. § 1981 provides, in pertinent part, that "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens."  In order to withstand a motion to dismiss for failure to state a claim, a § 1981 cause of action need only allege "that plaintiff suffered discrimination ... on the basis of race." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1487 (9th Cir. 1995) (citing Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 625 (9th Cir.1988)).  Here, Plaintiffs do not allege discrimination on the basis of race, but instead allege the "property has been threatened or taken by way of fraud." Compl. at ¶ 104.  This suggests Plaintiffs allege a financial, rather than a racial, motive for Defendants' alleged actions.  That is not discrimination.

Further, Plaintiffs' fail to allege any racial bias.  It is not proper to assume a Plaintiff could prove facts not alleged in his Complaint or that the defendants had violated applicable laws in ways that had not been alleged.  Associated Gen. Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  Here, Plaintiffs fail to allege their race.  Thus, the Court cannot assume their race is other than white, or that it was the basis for Defendants' alleged actions.

Rather, common sense and experience suggests Plaintiffs were evicted because Mr. Holm defaulted on his mortgage loan and USB purchased the property at foreclosure.  NRS 107.080. Thus, Plaintiffs cannot present a § 1981 claim.

#### 2.  42 U.S.C. § 1983

First, Plaintiffs cannot make a § 1983 claim.  As the U.S. Supreme Court has observed, "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." Conn v. Gabbert, 526 U.S. 286, 290 (1999).  In order to

2297677.2

property state a claim under §§ 1983 or 1985, a Plaintiff must allege "both the existence of a federal constitutional or statutory right, and a deprivation of that right by a person acting under color of state law." Rockwell v. Cape Cod Hosp., 26 F.3d 254, 256 (1st Cir. 1994).  A private person or entity acts under color of state law only if there is a sufficient nexus between the state and the challenged action so that the action may be treated as the state itself.  Jackson Metropolitan Edison Co., 419 U.S. 345, 351 (1974).  Plaintiffs make no such allegations herein, nor could they.

Courts have already ruled that reliance on state law authorizing liens or controlling creditor's sales do not result in such creditors acting under color of state law.  Melara v. Kennedy, 541 F.2d 802, 808 (9th Cir. 1976).  Additionally, district courts have already ruled that private lending institutions are not state actors when engaging in lending activities.  Morris v. Homecomings Fin., LLC, No. CIV. 07CV2122-L (NLS, 2008 WL 3126258, at *5 (S.D. Cal. Aug. 4, 2008).  This Court has similarly dismissed a borrower's civil rights action.  Alandia v. US Bank, No. 2:09-CV-687JCMPAL, 2009 WL 4611442, at *2 (D. Nev. Dec. 1, 2009).  Thus, this claim fails.

### 3.     42 U.S.C. § 1985

Second, Plaintiffs cannot make a § 1985 claim.  To bring a cause of action successfully under 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983).  Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Grifith v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).  Plaintiffs' complaint fails to make any factual allegations that would support a § 1985 claim, e.g., that there was a conspiracy or that their equal protection rights were violated on the basis of their race or class.  Thus, this claim fails.

2297677.2

4.      **18 U.S.C. § 241**

Further, Plaintiffs cannot recover under 18 U.S.C. § 241, because that statute does not provide a private right of action.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir.1980) (holding that 18 U.S.C. §§ 241 and 242 "provide no basis for civil liability").  Therefore, this claims fail as a matter of law and should be dismissed.

Accordingly, Counts 6, 7, 8, and 9 should be dismissed.

G.      **Plaintiffs Cannot Recover in Contract**

Plaintiffs cannot establish a breach of contract claim, because they fail to allege any contract with Defendants.  In Nevada, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." <u>Laguerre v. Nevada System of Higher Educ.</u>, 837 F.Supp.2d 1176, 1180 (D.Nev .2011) (citing <u>Bernard v. Rockhill Dev. Co.</u>, 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.").  Here, Plaintiffs fail to allege any contract with Defendants.  Indeed, common sense indicates their rental agreement or lease, if any, is with Mr. Holm, and not Defendants.  Thus, the breach of contract claim fails as a matter of law.

Likewise, Plaintiffs cannot recover for breach of the covenant of good faith and fair dealing. There is an implied covenant of good faith and fair dealing inherent in every contract whereby no party will do anything that will destroy or injure the right of another party to receive the fruits of the contract. 17A Am.Jur.2d Contracts § 370 (2009). "Tort liability for breach of the good faith covenant is appropriate where the party in the superior or entrusted position has engaged in grievous and perfidious misconduct." <u>Great Am. Ins. Co. v. Gen. Builders, Inc.</u>, 113 Nev. 346, 934 P.2d 257, 263 (1997) (citation and internal quotation marks omitted).  Although Plaintiffs recite the nature of the cause of action and claim in conclusory fashion that Defendants breached the duty, Plaintiffs have failed to allege a contractual relationship with any Defendant.  As discussed above, they have no such contract, because property records confirm Mr. Holm was the borrower and trustor under the Deed of Trust.  Absent a contract, the bad faith claim should be dismissed.

Accordingly, Counts 10 and 11 should be dismissed.

2297677.2

### H.   Plaintiffs Fail to Allege a Tortious Interference With Contract Claim

"To establish intentional interference with contractual relations, the plaintiff must show: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." Sutherland v. Gross, 772 P.2d 1287, 1290 (Nev. 1989). Here, any lease Plaintiffs had with Mr. Holm was extinguished by the Trustee's Sale.  Dover Mobile Estates v. Fiber Form Prods., Inc., 220 Cal.App.3d 1494, 1498, 270 Cal.Rptr. 183 (1990) ("A lease which is subordinate to the deed of trust is extinguished by the foreclosure sale.").  Plaintiffs fail to allege a lease superior to the Deed of Trust and no such lease appears in the record of title.  Because there is no contract to be interfered with, Plaintiffs fail to present a plausible tortious interference claim. Accordingly, Count 12 should be dismissed.

### I.   Plaintiffs Fail to Allege a Plausible Deceptive Trade Practice Claim

Nevada's deceptive trade practices claim reads:

> An action may be brought by any person who is a victim of consumer fraud [as defined by NRS Ch. 598].

NRS 41.600(1).  However, the only applicable statute listed in NRS Ch. 598 not limited to goods or services, defines a deceptive trade practice as when one "Knowingly makes any other false representation in a transaction."  NRS 598.0915(15).  Here, Plaintiffs fail to allege any transaction with Defendants.  Indeed, their transaction, if any, is with Mr. Holm who is not a party to this suit. Accordingly, this claim fails.

Further, nothing in the consumer fraud statutes eliminates the reliance element.  "Absent a clear manifestation of legislative intent to abrogate the common law, we interpret statutes with every intendment in favor of consistency with the common law."  Pleak v. Entrada Prop. Owners' Ass'n, 207 Ariz. 418, 422, ¶ 12, 87 P.3d 831, 835 (2004); see, also, Olson v. Richard, 120 Nev. 240, 243, 89 P.3d 31, 33 (2004) (holding that Nevada's construction defect statute NRS 40.640 prevails over common law economic loss doctrine based on specific language drafted by Legislature).  Here, as discussed above, Plaintiffs fail to allege any reliance.  Indeed, reliance is implausible, because Plaintiffs were neither the borrowers nor the homeowners.  Because they fail to state a deceptive

trade practices claim, Count 13 should be dismissed.

**J.** **Plaintiffs Fail to Allege an Invasion of Privacy Claim**

In Nevada, the tort of invasion of privacy may lie for an "unreasonable intrusion upon the seclusion of another. <u>People for the Ethical Treatment of Animals (PETA) v. Berosini</u>, 110 Nev. 78, 867 P.2d 1121, 1130 (1994) (citing to Restatement (Second) of Torts § 652A(2) (1977). Here, however, as stated above, Defendants' actions were reasonable and provided for under Nevada law, including NRS 107.080 and NRS 40.255 (providing for unlawful detainer action). As a result, this claim fails as a matter of law. Thus, Count 14 should be dismissed.

**K.** **Plaintiffs Fail to Allege a Trespass Claim**

In Nevada, as elsewhere, a civil trespass consists of an unpermitted and unprivileged entry onto the land of another. <u>Allied Props. v. Jacobsen</u>, 343 P.2d 1016, 1021 (Nev. 1959). Here, however, there can be no trespass, because the land is not owned by Plaintiffs or by Mr. Holm, but by USB pursuant to the Trustee's Deed. Exhibit J. That Deed vests in USB, "the title of the grantor and any successors in interest without equity or right of redemption." NRS 107.0080(5). Because USB is the title owner of record, Plaintiffs' trespass claim fails to state a claim for which relief can be granted and should be dismissed. Thus, Count 15 should be dismissed.

**L.** **Plaintiffs Fail to allege a Civil Conspiracy Claim**

Plaintiff's civil conspiracy claim also fails. An actionable common law civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." <u>Hilton Hotels v. Butch Lewis Prods.</u>, 109 Nev. 1043, 1048, 862 P.2d 1207, 1210 (1993) (citing <u>Sutherland v. Gross</u>, 105 Nev. 192, 196, 772 P.2d 1287, 1290 (1989)). Here, however, as discussed above, Defendants have not engaged in any plausible unlawful conduct. Rather, Mr. Holm defaulted on his loans resulting in the lawful trustee's sale of the Subject Property. USB purchased the property at the foreclosure. Exhibit J. Following their eviction (Exhibit K), Plaintiffs filed this suit in a futile attempt to continue to reside in USB's property. Thus, there has been no unlawful conduct to support a civil conspiracy claim. Thus, Count 16 should be dismissed.

2297677.2

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

### M.   Plaintiffs Fail to Allege an Unjust Enrichment Claim

Under Nevada law, unjust enrichment occurs when "a person has and retains a benefit which in equity and good conscience belongs to another." Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 113 Nev. 747, 942 P.2d 182, 187 (1997).  Here, USB was entitled to foreclose under NRS 107.080.  As a result, USB properly obtained the property via the Deed of Trust which Mr. Holm signed in exchange for the loan.  Exhibit B.  Because, Defendants were not unjustly enriched. Count 17 should be dismissed.

### N.   Plaintiffs Fail to Allege a Negligent Misrepresentation Claim

Plaintiff's negligent misrepresentation claim fails for an additional reason: lack of a requisite duty of care.  In Nevada, a prima facie claim for negligence consists of four elements:  "(1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages."  Turner v. Mandalay Sports Entm't, LLC, 180 P.3d 1172, 1175 (Nev. 2008).  The Nevada Supreme Court has often looked to California decisions, where the Nevada law is silent.  Kaye v. United Mtg. Co., 86 Nev. 183, 184, 466 P.2d 848, 849 (1970) (citations omitted).  California holds that a lender owes no general duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.  Nymark v. Heart Fed. Sav. & Loan, 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991)).  Similarly, this Court applies Nymark to Nevada lending cases and holds a lender owes no duty of care to its borrower in this role.  Weingartner v. Chase Home Fin., LLC, 702 F. Supp. 2d 1276, 1290 (D. Nev. 2010) (citing, Nymark, 231 Cal.App.3d at 1096).  "It is well established that the existence of a duty of care is necessary to support a negligent misrepresentation claim."  Settle v. World Sav. Bank, F.S.B., ED CV 11-00800 MMM, 2012 WL 1026103, *7 (C.D. Cal. Jan. 11, 2012).  This Court holds similarly:

> Plaintiffs' actions for … negligent misrepresentation cannot succeed as there is no special duty of care owed by financial institutions when the institution's involvement in a loan transaction does not exceed the scope of a mere lender.

Robinson v. Ocwen Loan Servicing, LLC, 2:10-CV-321 JCM, 2010 WL 2834895, * 2 (D. Nev. July 16, 2010) (citing Davis v. Nevada National Bank, 737 P.2d 503, 505 (Nev. 1987)).  Eviction, like foreclosure "a traditional money lending activity."  Settle, 2012 WL 1026103, *8 (collecting cases).

2297677.2

Thus, PNC and USB owed Plaintiffs no duty of care as a matter of law.

Further, there is no reliance, because Plaintiffs merely alleged:

> Plaintiff relied upon these representations as set forth in the fraud claims, specifically described in paragraphs 39-45 herein.

Compl. at ¶ 150.  Yet, as discussed above, paragraphs 39-45 fail to demonstrate any reliance, because Plaintiffs took no action on the alleged false statements.  Because Plaintiffs fail to allege duty or reliance, Count 18 should be dismissed.

### O.    Plaintiffs are not Entitled to Injunctive Relief

This Court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. In re Wal–Mart Wage & Hour Employment Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007).  Rather, "Injunctive relief may be available if Defendants are entitled to such a remedy on an independent cause of action."  Abet Justice LLC, v. First America Trustee Servicing Solutions, LLC, et al., 2-14-CV-908-JCM-GWF, 2016 WL 1170989, at *4 (D. Nev. Mar. 23, 2016).  Here, as discussed above, Plaintiffs cannot prevail on any cause of action alleged. Because Plaintiffs are not entitled to injunctive relief, Count 20 should be dismissed.

### P.    Plaintiffs are not Entitled to a Declaratory Judgment

Declaratory relief is not a cause of action, but a remedy and therefore Plaintiff's claim for declaratory relief is dependent upon Plaintiffs other claims. Ahmadi v. Wilson Res., Inc., No. 3:10-CV-587-RCJ-VPC, 2012 WL 1716308, at *4 (D. Nev. May 14, 2012).  Because Plaintiffs failed to state a claim on all of their other causes of action, they are not entitled to declaratory relief. Accordingly, Count 21 should also be dismissed.

### Q.    Plaintiffs Fail to Allege an Intentional Infliction of Emotional Distress Claim

In order to sustain a claim of emotional distress, Plaintiff needs to show that there was "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress."  State v. Eighth Judicial Dist. Court ex rel. Cty. of Clark, 118 Nev. 140, 152, 42 P.3d 233, 241 (2002) (citations omitted).  Here, there is no outrageous conduct, because foreclosure, is insufficient to amount to an actionable claim for emotional distress.  Simon v. Bank of Am., N.A., No. 10-CV-00300-GMN-LRL, 2010 WL 2609436, at *12 (D. Nev. June 23, 2010).

Further, Plaintiffs fail to allege damages.  "[I]n cases where emotional distress damages are

not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, **proof of** 'serious emotional distress' causing physical injury or illness must be presented."  Barmettler v. Reno Air, Inc., 114 Nev. 441, 448, 956 P.2d 1382, 1387 (1998) (emphasis added).  "Insomnia and general physical or emotional discomfort are insufficient to satisfy the physical impact requirement."  Id.  The Nevada Supreme Court recently confirmed that this burden also applies in real estate matters:

> we cannot conclude that a claim for emotional distress damages resulting from deceptive trade practices in connection with a failed real estate and lending transaction should be exempted from the physical manifestation requirement.

Betsinger v. D.R. Horton, Inc., 232 P.3d 433, 436 (Nev. 2010).  Here, Plaintiffs allege no such damages, only "loss of valuable property rights, deprivation and violation of plaintiff's rights privileges, and immunities guaranteed under state law, Common laws and the laws of the state of Nevada."  Compl. at ¶ 169.  Yet, any loss was due to Mr. Holm's default and the lawful foreclosure pursuant to NRS 107.080.  Accordingly, fail to allege outrageous conduct or physical injuries.  Thus, to the extent the Court treats these allegations as a claim for relief, they should be dismissed.

## IV.     CONCLUSION

Based on the foregoing, Moving Defendants respectfully request this Court GRANT the instant Motion and DISMISS Plaintiffs' Complaint in its entirety and with prejudice.

DATED:  March 30, 2016              WOLFE & WYMAN LLP


By:   /s/ *Colt B. Dodrill*
              COLT B. DODRILL, ESQ.
              980 Kelly Johnson Drive. Ste 140
              Las Vegas, Nevada 89119

              Attorneys for Defendants,
              **PNC BANK, NATIONAL ASSOCIATION and
              U.S. BANK, NATIONAL ASSOCIATION, as
              Trustee, Structured Asset Mortgage Investments
              II Inc., Bear Stearns ARM Trust, Mortgage
              Pass-Through Certificates, Series 2005-6**

2297677.2

1

## CERTIFICATE OF SERVICE

2   On March <u>30</u>, 2016, I served the **MOTION TO DISMISS** by the following means to the

3 persons as listed below:

4   <u>  X  </u>  a.  EFC System (you must attach the "Notice of Electronic Filing", or list all

5 persons and addresses and attach additional paper if necessary):

6   <u> X </u>  b.  United States Mail, postage fully pre-paid (List persons and addresses.  Attach

7 additional paper if necessary):

8

9

10 Miguel Barraza       John A. Snow
 Dinora Barraza       PRINCE, YEATES & GELDZAHLER

11 Nana I AM        15 West South Temple
 5464 Sierra Brook CT     Suite 1700

12 Las Vegas, NV 89149     Salt Lake City, UT 84104

13 Plaintiffs *in pro per*     Tel: (801) 524-1000
            Fax: (801) 524-1098

14            *jsnow@vancott.com*
            Attorneys for *Keller Williams Southwest*

15

16 Brian C. Whitaker
 WOODS ERICKSON & WHITAKER LLP

17 1349 W. Galleria Dr.
 Suite 200

18 Henderson, NV 89014

19 Tel: (702) 433-9696
 Fax: (702) 434-0615

20 *bwhitaker@woodserickson.com*
 Attorneys for *Keller Williams Southwest*

21

22

23         By: */s/ Megan Qualls*

24          Megan Qualls
          An employee of Wolfe & Wyman LLP

25

26

27

28