# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| MIGUEL BARRAZA, DINORA BAZZARA, NANA I AM,<br>    Plaintiffs,<br>vs.<br><br>U.S. BANK, NATIONAL ASSOCIATION; CLEAR RECON CORP,; PNC BANK, NATIONAL ASSOCIATION; THE GOLDEN TEAM KELLER WILLIAMS REALTY; All Persons Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto; and DOES 1 through 10, inclusive,<br>    Defendants. | 2:16-cv-00484-JAD-VCF<br><br>**ORDER**<br><br><br>MOTION TO STAY DISCOVERY (ECF NO. 20) |

    This matter involves *pro per* Plaintiffs' civil action against U.S. Bank, PNC Bank, and Clear Recon Corp. Before the court is Defendants' unopposed Motion to Stay Discovery pending resolution of Defendants' Motion to Dismiss. (ECF No. 20). For the reasons stated below, Defendants' motion is granted.

## I.  BACKGROUND

  On March 4, 2016, Plaintiffs commenced an action against Defendants and Keller Williams Realty to quiet title to real property. (ECF No. 1). Plaintiffs' are tenants of Bruce Holm, the previous

homeowner. Following a default by Mr. Holm, Clear Recon Corp. ("Clear Recon") foreclosed on the property. U.S. Bank ("USB") bought the property at the foreclosure sale.

On November 2, 2015, USB filed an unlawful detainer action against Plaintiffs. In response, Plaintiffs filed the instant action. Plaintiff's complaint alleges twenty-one claims including fraud, illegal eviction, theft of property, invasion of privacy, adverse possession and a demand for quiet title. Defendants PNC and U.S. Bank moved to dismiss for failure to state a claim upon which relief can be granted. (ECF No. 13). Defendants' motion to dismiss states Plaintiffs are neither the property owners nor borrowers on the loan from National City Mortgage Company. Defendants therefore assert Plaintiffs fail to allege any quiet title, contractual, and adverse possession claims. Additionally, Defendants allege Plaintiffs fail to plead all fraud claims with particularity. PNC, USB, and Clear Recon now move to stay discovery. (ECF No. 20).

## II.   DISCUSSION

1. <u>Failure to File An Opposition Under LR 7-2(d)</u>

Pursuant to Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

Defendants' motion to stay is granted for two reasons. Plaintiffs have failed to file points and authorities in opposition to Defendants' motion. Failure to file an opposition constitutes consent to the granting of the motion under LR 7-2(d).

2. <u>Motion to Stay Warranted Under Existing Case Law</u>

The court applies a two-part test when evaluating whether a stay of discovery should be imposed. *TradeBay, LLC v. Ebay, Inc*., 278 F.R.D. 597, 600 (D. Nev. 2011) (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id*. Second, the court must determine whether the pending motion to dismiss can be decided

without additional discovery. *Id*. When applying the second prong, the court must take a preliminary peek at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. The purpose of the preliminary peek is not to prejudge the outcome of the motion to dismiss. *Id.* Rather, the court's role is to evaluate the propriety of an order staying discovery. *Id.*

First, the pending motion to dismiss is a dispositive motion that may resolve all issues in controversy. Plaintiff's entire action may be dismissed should their pleadings, taken as true, fail to state a claim upon which relief can be granted.

Second, Defendants argue this motion does not require discovery to address because Plaintiffs have already filed an opposition to the motion to dismiss. Plaintiffs' did not request additional discovery to oppose the motion to dismiss.

After a preliminary peek, the court finds that the plaintiff is unlikely to prevail on the motion to dismiss. The court may grant a stay of discovery "if it appears that the opposing party has no chance of prevailing on the motion to dismiss." *Guerra v. Just Mortg. Inc.,* No. 2:10-CV-00029-KJD-RJJ, 2010 WL 3307473, at *1 (D. Nev. Aug. 18, 2010) (granting a stay of discovery after Plaintiff filed similar causes of action in response to foreclosure of his property). The court will therefore stay discovery.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Stay (EFC No. 20) is GRANTED.

IT IS FURTHER ORDERED that, in the event Defendants' Motion to Dismiss is denied, the parties MUST file a proposed Discovery Plan and Scheduling Order within twenty days of the court's decision.

IT IS SO ORDERED.

///

///

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 19th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE