## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Miguel Barraza, Dinora Barraza, Nana I Am,<br><br>    Plaintiffs<br><br>v.<br><br>U.S. Bank National Assoc., Clear Recon Corp., PNC Bank National Association, The Golden Team Keller Williams Realty, and All Persons Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud On Plaintiff's Title Thereto, and DOES 1 through 10, inclusive,<br><br>    Defendants | 2:16-cv-00484-JAD-VCF<br><br>**Order Granting Defendants' Motions to Dismiss**<br><br>[ECF Nos. 7, 13] |

    The defendant banks foreclosed on a home and found the plaintiffs occupying it. Plaintiffs are not the record owners and have never held title to the home, nor have they pointed to a lease or any other document entitling them to stay. When the banks attempted to evict the plaintiffs, plaintiffs filed a 174-paragraph complaint against the banks and the real estate broker they hired to list the property, Keller Williams Realty Southwest. Plaintiffs allege that they own the home by adverse possession—and also that they are entitled to 21 million dollars in damages for the defendants' various statutory, tort, and contract violations, as well as numerous "crimes" including "computer fraud, mail fraud, wire fraud, financial fraud, embezzlement, theft, [and] money laundering."[1] Defendants now move to dismiss.[2] Because plaintiffs failed to meaningfully respond to the defendants' dismissal motions and because plaintiffs' outlandish claims fail as a matter of law, I grant defendants' motions and dismiss this case with prejudice.[3]

---

[1] ECF No. 1 at ¶ 68.

[2] The banks and Keller Williams moved separately to dismiss plaintiffs' complaint. ECF No. 7. Because Keller Williams's motion raises the same substantive arguments as the defendant banks' motion, I treat the two motions together.

[3] I find these motions suitable for disposition without oral argument. L.R. 78-1.

**Discussion**

Under this district's local rules, "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."[4] The defendants filed two detailed motions to dismiss explaining exactly why each of plaintiffs' claims fails as pled. But instead of meaningfully responding to these arguments, plaintiffs defend only their Fair Debt Collection Practices Act (FDCPA) claim.[5] Even as to that claim, plaintiffs do not respond to the defendants' lead argument: that they are not debt collectors under the Act.[6] I deem plaintiffs' failure to meaningfully respond to defendants' arguments a consent to granting defendants' motions, and I grant them on that basis.

I grant defendants' motions for the additional reason that each of plaintiffs' claims fails as pled, and it does not appear that these deficiencies could be cured by amendment. Plaintiffs allege no facts to support their myriad legal theories. A properly pleaded complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[7] Rule 8 demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[8] Contrary to plaintiffs' contention that they need not provide "specifics," their "[f]actual allegations must be enough to rise above the speculative level."[9]

Most of plaintiffs' claims hinge on whether they own the home, and the only ownership theory that they offer—adverse possession—is utterly implausible.[10] Plaintiffs admit in their complaint that

---

[4] L.R. 7-2(d).

[5] *See* ECF No. 25.

[6] *See id.* at 5.

[7] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Twombly*, 550 U.S. at 555.

[10] I note that plaintiffs cannot challenge the foreclosure sale to quiet title because the time to do so has passed. *See* NEV. REV. STAT. § 107.080(6).

they have only possessed the property since March 1, 2016,[11] far less than the fifteen years of possession needed to acquire title by adverse possession in Nevada.[12] Elsewhere in the complaint, plaintiffs allege that they've possessed the property for over 116 years. Even assuming that plaintiffs have occupied the property for 116 years—and are thus among the oldest people on this planet[13]—they offer no facts to show that this occupation was "hostile, actual, peaceable, notorious, continuous, and uninterrupted."[14] Nor have they alleged that they paid taxes on the property for five years as Nevada law requires.[15]

Plaintiffs' other claims similarly fail because there are no plausible allegations to support them. Plaintiffs offer no facts to support their fraud claims,[16] their racketeering claim,[17] their Truth in Lending Act claims,[18] their FDCPA claim,[19] their civil-rights claims,[20] their contract claims,[21] their

---

[11] ECF No. 1 at ¶41.

[12] NEV. REV. STAT. § 40.090.

[13] *See* https://en.wikipedia.org/wiki/Oldest_people.

[14] *Sutro Tunnel Co. v. Lipscomb*, 720 P.2d 1204, 1207 (Nev. 1986).

[15] NEV. REV. STAT. § 11.150.

[16] There are no specific facts about the time, place, or nature of any alleged misrepresentations—or how plaintiffs relied on them. FED. R. CIV. PROC. 9(b).

[17] There are no allegations about a common scheme or pattern of racketeering activity, or how these activities could have damaged plaintiffs. *See Chaset v. Fleer/Skybox Intl*, 300 F.3d 1083, 1086 (9th Cir. 2002).

[18] Plaintiffs provide no allegations about how defendants violated TILA, and any claim would be time-barred anyway. 15 U.S.C. § 1640(e).

[19] Plaintiffs have not properly alleged that they are consumers entitled to sue under the FDCPA, 15 U.S.C. § 1692a(3), nor have they properly alleged that defendants are debt collectors and thus subject to this Act. *See Guerra v. Just Mortgage, Inc.*, 2:10-CV-00029-KJD, 2013 WL 1561114 (D. Nev. Apr. 12, 2013).

[20] There are no allegations of racial discrimination to support plaintiffs' claim under 42 U.S.C. § 1981; there are no allegations that defendants are state actors to support plaintiffs' claim under 42 U.S.C. § 1983; and there are no allegations suggesting a deprivation of plaintiffs' constitutional rights to give rise to a claim under 42 U.S.C. § 1985. Finally, there is no private right of action for

deceptive-trade-practices claim,[22] their privacy claim,[23] their trespass claim,[24] their civil-conspiracy claim,[25] their negligence claims,[26] or their intentional-infliction-of-emotional-distress claim.[27]

    Plaintiffs conceded to dismissal by failing to properly respond to defendants' motions to dismiss,[28] and plaintiffs' allegations fail to state a plausible claim for relief. Plaintiffs have not requested leave to amend their complaint, and I find that, in light of the factual deficiencies and obvious implausibility of plaintiffs' claims, amendment would be futile. I therefore grant defendants' motions to dismiss and dismiss this case with prejudice.

---

plaintiffs' claim under 18 U.S.C. § 241. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

[21] Plaintiffs have not alleged that they had any sort of contract with defendants, nor have they alleged how defendants were unjustly enriched. *See Laguerre v. Nevada System of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011).

[22] Plaintiffs provide no allegations suggesting that defendants carried out any of the deceptive trade practices listed in the Nevada Revised Statutes. *See* NEV. REV. STAT. § 598.0915(1)–(15).

[23] The only allegations conceivably related to plaintiffs' privacy is that defendants foreclosed on the home that they were living in. Plaintiffs provide no authority suggesting that this qualifies as an unreasonable invasion of privacy; indeed, as explained above, plaintiffs appear to have no legal right to remain in the home.

[24] Plaintiffs' trespass claim presumably relies on their allegation that they hold some sort of title or possessory right to the home, but, as explained above, they have not provided any plausible allegations indicating that they do.

[25] Plaintiffs have not properly alleged that defendants committed an unlawful act, much less conspired to do so. *See Hilton Hotels v. Butch Lewis Prods.*, 862 P.2d 1207, 1210 (Nev. 1993).

[26] Plaintiffs provide no allegations suggesting that defendants violated any standard of care, or how any breaches caused plaintiffs' damage. *See Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008).

[27] Plaintiffs simply provide no allegations suggesting that defendants acted outrageously—save that they foreclosed on the subject property, and that cannot be enough on its own. *See State v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 42 P.3d 233, 241 (Nev. 2002); *Simon v. Bank of Am., N.A.*, No. 10-CV-00300-GMN-LRL, 2010 WL 2609436, at *12 (D. Nev. June 23, 2010). Because none of plaintiffs' substantive claims are properly supported by factual allegations, the dependent claims for an injunction or declaratory relief also fail.

[28] They were cautioned that their failure to offer proper points and authorities would constitute consent to dismissal. ECF No. 8.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' **motions to dismiss [ECF Nos. 7, 13] are GRANTED. This case is dismissed with prejudice.**

The Clerk of Court is instructed to enter final judgment in favor of the defendants and close this case.

Dated this 12th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge